[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 25, 2006
THOMAS K. KAHN
CLERK

No. 05-15034
Non-Argument Calendar

_____

D. C. Docket No. 05-60031-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM JESUS BRANDEL-MENA,
a.k.a. William Bonilla,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 25, 2006)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, William Jesus Brandel-Mena appeals his conviction

and sentence for illegal reentry into the United States after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). After review, we affirm.

## I. BACKGROUND

Prior to this case, Brandel-Mena, a native and citizen of Honduras, was convicted in the United States for felony narcotics offenses two times and deported three times. Brandel-Mena's last deportation occurred in 2003.[1] In January 2005, Brandel-Mena was arrested in Fort Lauderdale, Florida and pled guilty to a state offense of possession of cocaine.

A federal grand jury indicted Brandel-Mena of knowingly and unlawfully reentering the United States, after having been previously removed, without the express consent of the Attorney General, in violation of 8 U.S.C. § 1326(a) and (b)(2). The indictment expressly referred to § 1326(b)(2), which provides that, if an alien's previous removal was "subsequent to a conviction for commission of an aggravated felony," the alien is subject to a maximum of twenty years' imprisonment. See 8 U.S.C. § 1326(b)(2).

At his plea hearing, the district court explained to Brandel-Mena that his

---

[1] On April 28, 1996, Brandel-Mena was deported after being convicted in Los Angeles, California of possession of cocaine base with intent to sell. On March 3, 1999, he was deported again after being convicted in Los Angeles of possession of heroin with intent to sell. On April 30, 2003, Brandel-Mena was deported after being convicted in North Lauderdale, Florida of lewd and lascivious molestation of a person sixteen years old.

indicted offense had a maximum penalty of two years, but that, if the government proved at sentencing that Brandel-Mena had a prior aggravated felony conviction, his maximum sentence could be twenty years' imprisonment. In response, Brandel-Mena indicated that he understood that, if the government proved his prior convictions, he faced a possible twenty-year sentence. Later in the plea hearing, the district court again asked Brandel-Mena whether he understood the twenty-year maximum penalty if Brandel-Mena had a prior aggravated felony conviction. Brandel-Mena responded that he understood. The district court asked whether Brandel-Mena was hoping either that the court would give him a break at sentencing or that the Supreme Court would overrule Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998), and Brandel-Mena agreed.

The government summarized the factual basis for Brandel-Mena's guilty plea, including that Brandel-Mena was deported after several felony narcotics convictions. Brandel-Mena's counsel stipulated to the government's summary of the facts, but "reserve[d] the right to examine and challenge the priors." The district court then found that the government's stipulated factual basis was "sufficient to constitute the crime of illegal reentry after deportation subsequent to an aggravated felony conviction . . . ." The district court then asked Brandel-Mena if it was "still [his] desire to plead guilty as previously announced . . .," to which

3

Brandel-Mena responded, "Yes."

Also during the plea colloquy, the district court informed Brandel-Mena that, by pleading guilty, he was giving up the right to a trial by jury, to confront witnesses, to compel witnesses and to remain silent. The district court explained that, by pleading guilty, Brandel-Mena would also be giving up any defenses he could have presented at trial. Brandel-Mena acknowledged that he wanted to give up those rights and plead guilty. The district court found that Brandel-Mena voluntarily and intelligently entered his guilty plea and that he understood the nature of the charges against him and the consequences of his plea.

The presentence investigation report ("PSI") set Brandel-Mena's base offense level at 8. See U.S.S.G. § 2L1.2. The PSI recommended a sixteen-level increase, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), due to his deportation after felony convictions for possession with intent to sell cocaine base and heroin. The PSI noted, among other things, that in 1996 Brandel-Mena was arrested for and pled guilty to possession of cocaine base with intent to sell and that in 1997 he was arrested for and pled guilty to possession of heroin with intent to sell. The PSI recommended a three-level decrease for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. With a total offense level of 21 and a criminal history category of VI, the PSI's recommended advisory Guidelines range was 77 to 96 months'

imprisonment.  Brandel-Mena did not file written objections to the PSI.[2]

At the sentencing hearing, Brandel-Mena did not dispute the existence of his prior felony drug convictions or that they were aggravated felonies.  He also did not dispute the factual accuracy of the PSI or object to the PSI's recommended 16-level Guidelines enhancement based on his prior felony drug convictions.  Rather, Brandel-Mena objected solely to the use of his prior felony drug convictions to increase the statutory maximum sentence.  The district court overruled the objection.

During allocution, Brandel-Mena apologized for reentering the United States illegally, but stated that he was never informed that it would be illegal to reenter once he was deported.  In response, the district court asked Brandel-Mena whether he wished to withdraw his guilty plea, to which he answered that he did not, as follows:

> THE COURT: So, Mr. Bonilla, what you are saying maybe could be a defense to this charge.  Maybe you want to move to withdraw your plea and we will see what Mr. Ramos has to say.  Or maybe you want to think about what you have been saying.[3]
> Let me put the case on recall for a second and give Mr. Bonilla a chance to talk to Mr. Marks.

---

[2]Because Brandel-Mena did not object to the factual portions of the PSI relating to his prior felony drug convictions, he has admitted those facts.  See United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005).

[3]Brandel-Mena is also known as William Bonilla, and the district court referred to him as such at the plea hearing and at sentencing.

(Pause.)

MR. MARKS: Thank you, Your Honor, for the time to confer with Mr. Bonilla.

We are prepared to go forward with the sentencing. He does not desire to withdraw - - or make a motion to withdraw his guilty plea.

THE COURT: You understand, Mr. Bonilla, that you could have asked your lawyer to file a motion to withdraw your guilty plea saying that you didn't know you couldn't come back to this country, and if I granted the motion to withdraw your guilty plea, then we would go to trial on the case, and if you are found not guilty, then that would be the end of the case? If you persist with your guilty plea, you can't complain later on about not being told that you couldn't come back to the country. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: And this is what you want to do, persist with your guilty plea and waive any complaint about not being told that you were not allowed to come back to the country?

THE DEFENDANT: Yes.

The district court then sentenced Brandel-Mena to 78 months' imprisonment and three years' supervised release.

## II. DISCUSSION

### A. Guilty Plea

On appeal, Brandel-Mena argues that his guilty plea is invalid because, during the plea colloquy, the district court failed to advise him of his right to persist in pleading not guilty, as required by Rule 11. Because Brandel-Mena raises this issue for the first time on appeal, we review for plain error. See United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005). "To establish plain error,

6

a defendant must show there is (1) error, (2) that is plain, and (3) that affects substantial rights." Id. If a defendant meets all three of these conditions, we may exercise our discretion to recognize the error "if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (quotation marks omitted).

A court accepting a guilty plea must comply with Rule 11 and, in particular, address three "core concerns" by ensuring that: (1) the guilty plea is voluntary; (2) the defendant understands the nature of the charges; and (3) the defendant understands the consequences of his plea. Id. Rule 11 states that the district court, before accepting the defendant's guilty plea, must advise the defendant in open court of, inter alia, his "right to plead not guilty, or having already so pleaded, to persist in that plea." See Fed. R. Crim. P. 11(b)(1)(B). Here, the district court did not explicitly inform Brandel-Mena of his right to persist in his not-guilty plea. The government contends that the district court was not required to recite the Rule 11 waiver of rights verbatim and that the district court effectively advised Brandel-Mena of his right to persist in his not-guilty plea during the course of the proceedings.

We need not resolve this issue because, even assuming there was Rule 11 error that was plain, Brandel-Mena has not shown that the error affected his

7

substantial rights.  At a minimum, Brandel-Mena was required to show a "'reasonable probability that, but for the [Rule 11] error, he would not have entered the plea.'"  See Moriarty, 429 F.3d at 1020 (quoting United States v. Dominguez Benitez, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340 (2004)).  Brandel-Mena has not alleged, much less shown, that, but for the district court's omission, he would not have pled guilty.

Indeed, during the plea colloquy, the district court thoroughly questioned Brandel-Mena about his intention to plead guilty in spite of the requirement that he give up numerous constitutional rights.  After the government recited the factual basis for the guilty plea, the district court asked Brandel-Mena whether he still wanted to plead guilty, and Brandel-Mena responded that he did.  Moreover, at sentencing, after Brandel-Mena asserted that he had never been told that it would be illegal for him to reenter the United States, Brandel-Mena declined the district court's invitation to move to withdraw his guilty plea.  See United States v. Monroe, 353 F.3d 1346, 1350 (11th Cir. 2003) (explaining that, when considering whether a Rule 11 error affected a defendant's substantial rights, "the reviewing court may consult the whole record").

**B.    Prior Convictions**

Citing the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S.

466, 120 S. Ct. 2348 (2000), Brandel-Mena argues that his Fifth and Sixth Amendment rights were violated because the district court increased his statutory maximum sentence based on prior felony drug convictions that were not charged in the indictment or proved to a jury beyond a reasonable doubt.[4] Brandel-Mena's argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 228, 118 S. Ct. 1219, 1223 (1998). As Brandel-Mena candidly acknowledges, the Supreme Court consistently carved out an exception for prior convictions in Apprendi and its progeny Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004) and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). We repeatedly have explained that, despite speculation about the future viability of Almendarez-Torres, we are bound by Almendarez-Torres until it is explicitly overruled by the Supreme Court. See, e.g., United States v. Greer, ___ F.3d ___, 2006 WL 435662, at *5-9 (11th Cir. Feb. 24, 2006); United States v. Gibson, 434 F.3d 1234, 1246 (11th Cir. 2006). Therefore, the district court did not err in using Brandel-Mena's prior convictions to enhance his sentence.

Accordingly, for all of these reasons, we affirm Brandel-Mena's conviction

---

[4]Because Brandel-Mena timely raised his Apprendi/Booker objection in the district court, we review his claim de novo. See United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005). We note that Brandel-Mena challenges only the increase in his statutory maximum sentence under 8 U.S.C. § 1326(b)(2). He does not challenge the 16-level increase in his base offense level (pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i)) that was used in calculating his advisory Guidelines range.

and sentence.

**AFFIRMED.**